GRIMES, Chief Justice,
dissenting.
As indicated by the majority opinion, our decisions with respect to the requirements for readmission of a lawyer who has resigned pending disciplinary proceedings have not been consistent. The disputes have centered upon the question of whether the applicable rules for readmission should be those in effect at the time of the resignation or those in effect when readmission is sought. In order to set the matter at rest once and for all, we said in a footnote to Florida Bar re Kay, 576 So.2d 705 (Fla.1991):
Because Kay resigned prior to the adoption of rule 3-7.9(a) of the Rules Regulating The Florida Bar, we permitted him to file for readmission with this Court and appointed a referee to make recommendations. Henceforth, all applications for readmission shall be filed pursuant to rule 3-7.9(a).
Id. at 705, n. *.
Rule 3-7.9(a), now renumbered as rule 3-7.10(a) of the Rules Regulating The Florida Bar, reads in part:
(a) Readmission. A former member who has been disbarred or whose petition for disciplinary resignation has been accepted, pursuant to rule 3-7.12, may be admitted again only upon full compliance with the rules and regulations governing admission to the bar.
Seizing upon the reference to rule 3-7.12 which describes a disciplinary resignation, the majority holds that because Holober did not resign under rule 3-7.12, the readmission rules applicable to him are those which existed at the time he resigned.
This is circuitous reasoning. The mention of rule 3-7.12 in rule 3-7.10 was simply a cross-reference to the section which provides for disciplinary resignations. The majority’s interpretation renders the footnote totally meaningless. Despite Kay, those who submitted disciplinary resignations under a prior rule will continue to be entitled to seek admission under the rules existing at the time of the resignation.
I hasten to add that I would have no quarrel with the majority’s decision if Holo-ber had resigned pursuant to an agreement with the Bar that he could reapply pursuant to the rules which were then in effect. This did not occur, and there is no doubt that one who simply resigns from the Bar has no vested or constitutional right that the rules for readmission may not be changed by the time he chooses to reapply.
I respectfully dissent.
OVERTON and HARDING, JJ., concur.